[Decided at October term, 1882.]

## *C. W. NOBLITT *v.* CHARLOTTE BEEBE.

REAL PROPERTY — HUSBAND AND WIFE — ESTATES BY ENTIRETY.—In Oregon a conveyance to a husband and wife creates an estate by entirety.

Clackamas County.   Defendant appeals.   Affirmed.

Suit by C. W. Noblitt against Charlotte Beebe to quiet title. A demurrer to the complaint was overruled, the title was quieted by decree, and defendant appeals.

The facts are that in 1866 Adams and his wife conveyed the premises to Austin S. Beebe and Susan, his wife; that in 1868 Susan Beebe died intestate, leaving two children, Willis and Charlotte; that in 1875 Willis died unmarried and intestate, and in 1877 Austin S. Beebe died intestate, leaving surviving him the said Charlotte. Thereafter an administrator was appointed for the estate of Austin S. Beebe, and this administrator sold to the respondent Noblitt whatever right said Austin S. Beebe had in the disputed premises. Noblitt claims that Beebe and wife had an estate by entirety; that on the death of Susan Beebe her husband became the owner of the entire estate, and that plaintiff bought all this estate from the administrator, while Charlotte Beebe claims that she is the sole heir of her mother, and as such is the owner of an undivided half interest in the land, as the deed to Beebe and wife created a tenancy in common.

*Johnson, McCown & Macrum,* and *Northup & Gilbert,* for Appellant Beebe.

The ancient rule of the common law is foreign to the spirit of our statutes, and is abolished by the statute abolishing joint tenancy. All our statutes concerning the conveyance of land, and protecting the property rights of a married woman and giving her a share of his property in case of divorce, show that a conveyance to husband and wife is a conveyance to two persons so far

---

* Not heretofore officially reported.

as property rights are concerned, and such has been the
construction put upon similar statutes by the courts of
other states: *Sergeant* v. *Steinberger*, 2 Ohio, 305; *Wilson*
v. *Fleming*, 13 Ohio, 68; *Whittlesey* v. *Fuller*, 11 Conn. 340;
*Hoffman* v. *Stigers*, 28 Iowa, 302; *Meeker* v. *Wright*, 76 N.
Y. 262; *Walthall* v. *Goree*, 36 Ala. 728; *Cooper* v. *Cooper*,
76 Ill. 57; *Clark* v. *Clark*, 56 N. H. 105.

To hold that the estate by entireties still exists is to
encounter endless difficulties and contradictions, for there
is no uniformity concerning the nature and incidents of
this estate in those states where it is upheld. If it shall
be held that the husband cannot convey his interest in
land granted to him and his wife, his property will be
tied up in a manner wholly foreign to the policy of our
laws, which provide for the free alienation of property;
if it is held that he can convey his life estate and the
possession of the land during his lifetime, the estate of
the wife is reduced to a mere contingency; if it is held
that neither interest can be sold on execution, the door is
at once opened to gross frauds; and if it is held that the
interest of the husband alone may be sold on execution,
then no fair price can be obtained, for the purchaser can-
not tell whether he is buying the whole fee or only the
husband's life estate. But when we come to the appli-
cation of the divorce laws to the doctrine of entirety, the
objections are insuperable. This estate grew up at a time
when there were no divorces and no occasion existed to
divide real estate between husband and wife. Our divorce
law provides for the partition of the real estate owned by
the party in fault, but how is a court to divide this inalien-
able, inseverable, and insoluble estate? Equity would be
wholly powerless to grant relief. In view of the many
incongruities and absurdities of this obsolete estate, and
the fact that the reasons for its existence have long since
passed away, and that in its essential features it is wholly
foreign to the policy of our legislation, our courts would
be justified in declaring that estates by entirety do not
obtain in Oregon. But when in addition we find a series

of statutes inconsistent with and evincing a purpose to abrogate the estate, there is no room to doubt that this antiquated feature of the common law is gone.

*Eastham & McBride*, for Respondent Noblitt.

At common law a deed to husband and wife was treated as a deed to one person; they took by entireties, and neither could alien or encumber without the consent of the other, and upon the death of one the whole estate devolved upon the other by right of survivorship to the exclusion of the heirs of the deceased: I Washb. Real Prop. 332, 642, 644.

This case is to be decided on the statutes in force in 1866 without reference to subsequent acts. The only provision then in force was article XV., section 5, of the state constitution, which relates only to property acquired by gift, divise, or inheritance. The property in question was obtained by *grant*, a tenure not included in this pro- tecting provision. The estate by entireties is a beneficial one to the wife, and one that seems well adapted to that equality that should subsist in the marriage relation; it enables the wife to protect herself from the consequences of prodigality and mismanagement by the husband, to provide a home for herself and a means of subsistence for her family, and so far accords with the most enlight- ened ideas of justice and equality, that there is no call for judicial legislation to destroy it. The decisions from Ohio and Iowa are founded on statutory provisions that did not exist in this state in 1866; while in Connecticut the cases are based on the fact that in practice these estates had long been treated as tenancies in common. The adjudicated cases are overwhelmingly in favor of the common-law estate: *Geolet* v. *Gore*, 31 Barb. 316; *Jackson* v. *Stevens*, 16 Johns. 114; *Torrey* v. *Torrey*, 14 N. Y. 434; *Wright* v. *Sadler*, 20 N. Y. 323; *Fisher* v. *Provin*, 25 Mich. 347; *Ketchum* v. *Walworth*, 5 Wis. 95; *Thornton* v. *Thornton*, 3 Rand. 179; *Davis* v. *Clark*, 26 Ind. 424; *Chandler* v. *Cheney*, 37 Ind. 391; *Webster* v. *Vandeventer*,

6 Gray, 428; *Bronson* v. *Hull*, 16 Vt. 309; *Garner* v. *Jones*, 52 Mo. 68.

WALDO, J.— In 1866 Adams conveyed a tract of land in Clackamas County to Austin Beebe and Susan Beebe, husband and wife, in fee; *held*, that A. B. and S. B. took an estate in entirety: *Fisher* v. *Provin*, 25 Mich. 347; *Den* v. *Hardenberg*, 5 Hals. 42; 18 Am. Dec. 271; *Merbury* v. *Cole*, 49 Md. 402; *Meeker* v. *Wright*, 76 N. Y. 273; I Bish. Mar. Wom. § 615; *Geolet* v. *Gore*, 31 Barb. 314; *Hemingway* v. *Scales*, 42 Miss. 1; S. C. 97 Am. Dec. 425.