Argued July 21, affirmed September 19, 1916.

# CHASE *v*. McKENZIE.*

(159 Pac. 1025.)

**Husband and Wife—Property—Estate by Entirety.**

1.  An estate by the entirety is recognized in Oregon.

    [As to when husband and wife hold estates by entireties, see note in 26 Am. Rep. 65.]

**Divorce—Estate by Entirety—Effect of Divorce.**

2.  A divorce changes an estate by entirety to an estate in common.

**Mortgages—Cancellation—Intervening Liens—Restoration.**

3.  Where the holder of a realty mortgage cancels it in ignorance of the existence of an intermediate lien upon the premises, though such lien is of record, a court of equity in a suit instituted therefor will, in the absence of intervening rights, restore the original lien and give it priority; but, where a bid upon the execution sale of the lot had been credited on account of the judgment, such credit was an intervening right which could not be set aside so as to restore the original lien.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.   Statement by MR. CHIEF JUSTICE MOORE.

This is a suit to reinstate a mortgage and to foreclose the lien thereof.  The facts are these: The defendant John H. McKenzie on April 10, 1909, executed to H. Trenkman a mortgage upon lot 11, block 13, in Central Albina, Portland, Oregon, to secure the payment of his promissory note for $1,500, maturing in two years, with interest at 7 per cent per annum, which note stipulated for the payment of a reasonable sum as attorneys' fees if suit were commenced to collect any part of the negotiable instrument.  McKenzie and his wife on December 9, 1910, conveyed this lot, subject to the mortgage, to S. J. Fore and Minnie A. Fore,

---

*Upon the question of effect of divorce on community property, see notes in 30 L. R. A. 333; 10 L. R. A. (N. S.) 463; L. R. A. 1915C, 396.

REPORTER.

his wife. The latter alone on January 15, 1912, executed to William G. Hale a quitclaim deed of all her interest in the real property. At the same time Mrs. Fore commenced a suit for divorce, alleging in the complaint that her husband was the owner of an undivided half of the lot, but not stating who owned the remainder of the estate therein. She on March 4, 1912, obtained a decree dissolving her marriage contract, but no disposition appears to have been made of what estate she ever had in the premises. Trenkman on March 19, 1912, assigned the mortgage to plaintiff, Russell Chase, who on the 13th of the following month instituted a suit to foreclose the lien. Hale and his wife on May 17, 1912, executed to McKenzie a quitclaim deed of their interest in the lot. The defendant R. E. Bryan, on May 21, 1912, by consideration of the Circuit Court of the State of Oregon for Multnomah County, secured a judgment against S. J. Fore and others for $5,576.30, and interest, attorneys' fees, costs and disbursements of the action. S. J. Fore on July 17, 1912, executed to McKenzie a special warranty deed of all his interest in the real property. McKenzie and his wife on September 18, 1912, executed to Sarah Campion a mortgage of the lot to secure the payment of a note for $1,500, maturing in three years, with 8 per cent interest, payable semi-annually. The plaintiff on the next day dismissed the foreclosure suit, and two days thereafter satisfied the mortgage of record. Pursuant to an execution issued on Bryan's judgment all the right, title and interest that S. J. Fore had in the premises on May 21, 1912, when the judgment was given, and any estate which he might have subsequently acquired in the lot, were sold January 12, 1914, to Bryan for $300. The sale was duly

confirmed and the sheriff executed to the purchaser a deed of the land.

The complaint herein sets forth most of these facts in substance, and alleges that the deed executed by Hale and his wife and the conveyance by S. J. Fore to McKenzie were made to the latter as agent and trustee for Chase pursuant to an agreement entered into between them to that effect; that when the suit was dismissed, and for a long time thereafter, Chase and McKenzie believed the deeds so executed by Hale and his wife and S. J. Fore conveyed to them a complete title to the real property, thereby avoiding the necessity for a decree of foreclosure, and while relying upon that opinion they satisfied the mortgage of record without any knowledge of the existence of Bryan's judgment, and that the suit would not have been dismissed or the mortgage canceled if they had known such judgment had been rendered; that they had no knowledge of the execution sale, the confirmation thereof, or the giving of the sheriff's deed until long after that conveyance was made. It is further alleged on information and belief that Bryan had knowledge of the understanding between Chase, McKenzie and Fore, whereby the foreclosure suit was dismissed and the mortgage satisfied when the Fore deed was executed.

The answer denies the material averments of the complaint, and for a further defense alleges, in effect, that the plaintiff ought to be estopped to allege and prove that the mortgage should be reinstated for that the judgment so secured by Bryan was based upon a promissory note which he received from Fore and others as assignors and guarantors, each of whom is insolvent except Fore and two others, naming them, and the only property Fore had was his interest in the

lot which was sold upon execution; that the summons in that action had not been served upon the other solvent defendants when judgment was rendered against Fore; that these two, having been subsequently served with process, answered, setting up the sale of Fore's real property for $300; that Bryan had no notice or knowledge that Chase had or claimed any interest in the premises when they were sold upon execution; that when he obtained his judgment against the two solvent defendants he gave them credit for the $300, the amount bid at the execution sale; that Chase from September 21, 1912, until the commencement of this suit allowed McKenzie to appear upon the record as the owner of the lot, to lease it and collect the rents due thereon, to execute a mortgage upon the same, and in every way to hold himself out to the world as the owner of the premises, subject only to the lien of such judgment; and that Bryan paid to the sheriff as his costs and expenses upon the execution sale $10.75.

The reply put in issue the allegations of new matter in the answer, and the cause, having been tried, resulted in a decree reinstating the mortgage, foreclosing such lien, and allowing an attorney fee of $150, subordinate, however, to the sum of $300 which was credited on Bryan's judgment, and $10.75 costs and expenses of the sale. From that decree Chase and Bryan separately appeal.          AFFIRMED.

For appellant there was a brief with an oral argument by *Mr. Milton Reed Klepper.*

For respondent there was a brief with oral arguments by *Mr. Samuel B. Huston* and *Mr. Oliver B. Huston.*

Opinion by MR. CHIEF JUSTICE MOORE.

1, 2. It will be remembered that the judgment secured by Bryan against Fore became a lien upon whatever interest the latter had in the real property May 21, 1912; that the original suit to foreclose the mortgage was dismissed September 19, 1912, and the lien canceled two days thereafter, thus rendering Bryan's judgment a superior lien upon Fore's interest in the lot. It will also be kept in mind that Mrs. Fore's quitclaim deed was executed before she secured a divorce, and that in such decree no disposition was made of any estate she then or ever had in the premises. It is unnecessary to advert to the estate by the entirety which was created by the conveyance of the lot to S. J. Fore and Minnie A. Fore, his wife, the validity of the quitclaim deed which she executed to Hale before she was divorced, or the effect of the decree dissolving her marriage contract. An estate by the entirety is recognized by this court: *Noblitt* v. *Beebe*, 23 Or. 4 (35 Pac. 248); *Oliver* v. *Wright*, 47 Or. 322 (83 Pac. 870). It has also been held that a divorce changed an estate by entirety to an estate in common: *Hayes* v. *Horton*, 46 Or. 597 (81 Pac. 386). It is unnecessary to inquire whether or not Mrs. Fore could, without joining with her husband, convey any interest in the land which she held as a tenant by the entirety. Upon this subject see the case of *Howell* v. *Folsom*, 38 Or. 184 (63 Pac. 116, 84 Am. St. Rep. 785). Nor is it essential to determine, if she took as a tenant in common when the divorce was granted, whether such title inured by estoppel to Hale under her quitclaim deed. As to the latter question in ordinary cases, however, see *Taggart* v. *Risley*, 4 Or. 235; *Bayley* v. *McCoy*, 8 Or. 259; *Salem Improvement Co.*

81 Or.—28

v. *McCourt,* 26 Or. 93 (41 Pac. 1105); *Langley* v. *Kesler,* 57 Or. 291 (110 Pac. 401, 111 Pac. 246).

3. Considering the principal question presented by this appeal, the rule is settled in Oregon that, when the holder of a realty mortgage cancels it in ignorance of the existence of an intermediate lien upon the premises, though the charge thus imposed upon the land is of record, a court of equity in a suit instituted for that purpose, will, in the absence of intervening rights, restore the original lien and give it priority: *Pearce* v. *Buell,* 22 Or. 29 (29 Pac. 78); *Kern* v. *Hotaling,* 27 Or. 205 (40 Pac. 168, 50 Am. St. Rep. 710); *Capital Lumbering Co.* v. *Ryan,* 34 Or. 73 (54 Pac. 1093); *Title G. & T. Co.* v. *Wrenn,* 35 Or. 62 (56 Pac. 271, 76 Am. St. Rep. 454).

In the case at bar intervening rights had accrued before the suit to reinstate the mortgage was commenced. Thus Bryan's bid of $300 upon the execution sale of the lot having been credited on account of his judgment, the two solvent defendants in his action, who are not parties to this suit, could not be affected by any decree that might be rendered herein, and hence that credit cannot be set aside so as to restore the canceled mortgage to its original lien as to them. Their intervening rights have attached and should be protected.

The evidence shows that before he executed the mortgage to Sarah Campion, McKenzie secured an abstract of the title to the lot, which abridgment set forth a memorandum of Bryan's judgment. McKenzie was extremely careless in failing to note the judgment lien upon the land when the foreclosure suit was dismissed. From the cancellation of the mortgage it is reasonably to be inferred that McKenzie and Chase were ignorant of the intervening lien.

By compelling a payment to Bryan of the amount of his bid and interest, and the sheriff's costs, the sums awarded him as a prior lien upon a foreclosure of the original mortgage, substantial equity has been meted out, and, such being the case, the decree is affirmed.

                                        AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE HARRIS and MR. JUSTICE BENSON concur.