Submitted on briefs November 28, 1922, modified January 23, 1923.

# HEACOCK ET AL. *v.* LODER ET AL.

### (211 Pac. 950.)

**Mechanics' Liens—Furnishing Material on Credit of Owner Without Knowledge of Independent Contract Creates Lien.**

1. The furnishing of labor and materials upon the credit of the owner of the property, and in ignorance of the fact that another had an independent contract to erect a building, entitled the laborer and materialman to a mechanic's lien.

**Pleading—Entitled to Every Reasonable Intendment After Decree.**

2. Where there was no demurrer to the cross-complaint, and decree was rendered thereon pursuant to satisfactory evidence, every reasonable intendment should be made in favor of the pleading.

**Pleading—Cross-complaint Held Sufficient After Decree.**

3. A cross-complaint, alleging that between two specified dates labor and materials were furnished and used in the construction of the building, and that the cross-complainant filed his notice of lien within the time required, and that the labor and material were furnished and used at the request of the owner, was sufficient after decree, in the absence of demurrer or motion to make more definite, to imply a contract with the owner for the labor and materials which had been performed by the lien claimant.

**Mechanics' Liens—Tenancy by Entirety is Subject to Lien for Improvement Ordered by Husband.**

4. A tenancy by the entirety is subject to a mechanic's lien for improvements placed thereon at the order of the husband, so that an allegation in a cross-complaint to establish such lien that the property was owned by the husband and wife does not defeat the right to the lien.

From Clackamas: J. U. CAMPBELL, Judge.

In Banc.

Heacock and Rasmussen brought a suit to foreclose a materialmen's lien against the Loders, Sunset Land Company, G. C. Fields and his wife, Gertie Fields, and other alleged lien claimants, including Looney, the respondent here. Looney filed an answer in the nature of a cross-complaint, setting up a

Estate by entirety as subject to mechanic's lien for work performed under contract with one spouse only, see note in 11 **Ann. Cas.** 87.

lien for labor and material involved in a contract which he claimed to have entered into with Loder for furnishing the materials and putting in the plumbing in a dwelling-house erected by the Loders on lot 2 of Fields' Addition to Oregon City. At the trial the court found against all the other lien claimants, including Heacock and Rasmussen, but in favor of Looney. From a decree sustaining Looney's lien, defendants Loder and wife, Fields and his wife, and the Sunset Land Company appeal. Further facts are stated in the opinion.        MODIFIED.

For appellants there was a brief over the names of *Mr. C. D. Latourette, Mr. D. C. Latourette* and *Mr. Earle C. Latourette.*

For respondent there was a brief over the names of *Mr. Joseph E. Hedges, Mr. H. A. Robertson* and *Mr. Richard Talboy.*

McBRIDE, C. J.—For all the purposes of the present contention all the lien claimants except Looney may be eliminated, and his answer may be treated as a cross-complaint in which he is practically plaintiff and the appealing defendants, Loder and wife, Fields and wife and the Sunset Land Company, the defendants. For the sake of clarity we shall hereafter refer to Looney as the cross-complainant and the defendants above named as the appellants.

Looney's cross-complaint is the usual form of a suit for the foreclosure of a mechanic's lien, but in view of certain contentions as to its sufficiency to show a cause of suit against the appellants, the following quoted allegations are pertinent to the discussion. After alleging the corporate character of the Sunset Land Company and the fact that G. C.

Fields and Gertie Fields are husband and wife, and that one Harley Looney was the duly authorized agent of the cross-complainant J. W. Looney, it is averred:

"That during all the time herein mentioned, a residence building was in course of erection upon lot two (2) of Fields' Addition to Oregon City, Clackamas County, Oregon, for the defendant, John W. Loder, the purported owner, and his wife, Grace E. Loder. And that the whole of said lot or land above described is necessary for the convenient use and occupation of said residence building.

"That John W. Loder and his wife are the owners, or reputed owners of the said lot two (2), Fields' Addition to Oregon City, Oregon, upon which said residence was and is constructed, and the residence which was constructed upon the said lot.

"That the defendant and cross-complainant, J. W. Looney, at the special instance and request of the defendant, John W. Loder, between the 15th day of June and the 24th day of July, 1920, furnished labor and certain material consisting of plumbing supplies and plumbing material for use, and to be used in and which were used in the construction of said building above described.

"That the reasonable value of said material used in the construction of said building as aforesaid was and is the sum of two hundred, eighty-seven dollars and fifty cents, and the reasonable value of the labor which was furnished by this defendant in the construction of the said building as aforesaid, was and is the sum of one hundred, sixty-seven dollars and fifty cents, and that the said defendants, John W. Loder and Grace E. Loder, have not paid said sum or any part thereof, excepting the sum of one hundred, seventy-five dollars, and that there is now due and owing to the defendant and cross-complainant, for the said labor and material the sum of two hundred, eighty dollars.

"That the construction of said building was completed on or about October 1, 1920.

"That the said defendant and cross-complainant, J. W. Looney, on the 17th day of August, 1920, and within thirty days from the completion of the said building, filed with the county clerk of Clackamas County, State of Oregon, a claim of lien containing a true statement of his demands after deducting all just credits and offsets with the name of the reputed owner of said building and the name of the owner of the lot or tract of land upon which said building was constructed, and the name of the person by whom said material and labor *was* ordered, and to whom said labor and material *was* furnished, together with a description of the property to be charged with said lien sufficient for identification and that said lien was duly verified by defendant and cross-complainant, by one, Harley Looney, a son of defendant and cross-complainant, who knew all of the facts in connection with the work and the material furnished, and who was authorized by this defendant to file the said lien; that said lien was duly recorded on the 17th day of August, 1920, in Book V, page 250, record of Mechanic's Liens of said county and state, and that a copy of said lien is hereto attached, marked Exhibit A, and made a part of this answer and cross-complaint."

It is further alleged that the Sunset Land Company and G. C. Fields claim some interest in and to the property, but that such interest is subsequent to and subject to the lien of cross-complainant. A copy of the notice of lien was attached to and made part of the cross-complaint. It is in the usual form and contains among others the following statements:

"In the construction, alteration and repair of said building Hubert A. Williams was the contractor and agent of said J. W. Loder and Grace E. Loder.

"Said materials were furnished and said labor was performed between the dates of May 1, 1920, and July 22, 1920, and the contract and reasonable price thereof was and is the sum of four hundred, fifty-five

dollars, lawful money of the United States, and the sum of two hundred eight [eighty] dollars is now due or to become due to the claimant and the following is a true and correct statement of said account and demand after deducting all just credits and offsets.''

The appellants here filed an answer to the cross-complaint denying all of the material allegations thereof and containing among others the following averments:

''That on or about the —— day of June, 1920, defendants G. C. Fields and Sunset Land Company, a corporation, each owned an undivided one-half interest in and to lot 2 of Fields' Addition to Oregon City, Oregon.

''That on or about said date said defendants mentioned in paragraph 11 above set out entered into a contract in writing with said John W. Loder and Grace E. Loder, his wife, for the sale and purchase of said lot whereby said Loder and wife agreed to purchase said lot for the sum of $650 in installments. That there has been paid in on the said contract, the sum of $550, leaving a balance of $100 due on the same from Loder and wife. That said Fields and Sunset Land Company still hold the legal title to said property.

''That on the 17th day of May, 1920, said Loder and wife entered into a contract in writing with one H. A. Williams, a contractor, a copy of which contract is hereto annexed, and marked 'Exhibit A,' and made a part hereof, for the building of a dwelling-house upon said lot, being the same dwelling-house mentioned in said cross-complaint. That pursuant to said contract so entered into between Loder and Williams, said Williams proceeded to erect said dwelling-house, and in the process thereof ordered certain building materials and hired labor for himself and not otherwise, and if said J. W. Looney furnished any material or labor whatsoever for said dwelling-house, he did so at the instance and request and

upon the order of said H. A. Williams, as independent contractor, and not otherwise.''

Their answer also set up in full the contract between the Loders and Williams, from which it appeared that Williams was an independent contractor in the construction of the building.

The reply filed by Looney contained the following:

''Replying to paragraph IV of defendants' amended answer, this defendant and cross-complainant alleges that he did not at any time have any knowledge, information or belief, as to the existence of a written contract between the defendant John W. Loder and wife and H. A. Williams, and therefore denies said allegation and alleges that the material and labor was furnished to the defendant John W. Loder at the instance and request of the defendant, John W. Loder, as alleged in this defendant's answer and cross-complaint on file herein, and not otherwise.''

1, 2. Without reciting at large the testimony in the case, we are of the opinion that it is sufficiently shown that the cross-complainant performed the labor and furnished the materials as specified in the lien, and that the notice of lien was filed within sixty days thereafter; and that the preponderance of evidence indicates that such materials were not furnished upon the credit of Loder and in ignorance of the fact that Williams had an independent contract to erect the building. If this is true, he is entitled to recover, unless there is a fatal defect in his pleading. There was no demurrer to the cross-complaint, and after decree rendered pursuant to satisfactory evidence, every reasonable intendment should be made in favor of the pleading.

3. It is alleged first therein that between the fifteenth day of June and the twenty-fourth day of July the labor was furnished and the material was

used in the construction of the building, and that the cross-complainant filed his notice of lien on August 17th. It is further alleged that said labor and material were furnished and used in said building at the instance and request of John W. Loder. In the absence of a demurrer or motion to make more definite, it is only fair to imply from these statements that there was a contract with Looney to furnish the materials and perform the labor specified in the cross-complaint; that said contract was completely performed between June 15 and July 24, 1920; and that the notice of lien was filed August 17, 1920, within sixty days from the date of the completion of the work. Although the facts might have been stated more clearly, we conclude that in the absence of a demurrer the cross-complaint is sufficient.

4. It is objected that as the cross-complaint alleges that John W. Loder and his wife, Grace E. Loder, are the owners or reputed owners of the building, this shows that there is a tenancy therein by entirety, and that a lien cannot be enforced thereon against Loder, the husband. In this state it is settled by the elaborate opinion of Mr. Chief Justice ROBERT S. BEAN in *Howell* v. *Folsom,* 38 Or. 184 (63 Pac. 116, 84 Am. St. Rep. 785), that a husband may encumber his interest held by himself and wife in entirety, and that a sale upon such encumbrance will convey to the purchaser the fee in such property in case the husband survives his wife. While that case arose upon the foreclosure of a mortgage executed separately by the wife during coverture, the principle is applicable here. The answer admits that Loder and his wife caused the house to be built, and the evidence shows that they have an equitable interest in an undivided half of lot 2 of Fields' Ad-

dition upon which said building was constructed, and that Loder was acting for himself and as the agent of his wife in contracting for the materials and labor which form the subject of the lien.

There is no personal decree against Mrs. Loder, and nothing in the decree rendered that affects the interest of the Sunset Land Company or Fields and his wife as to their undivided interest in lot 2 or the right of Sunset Land Company to enforce the final payment for the lot in question. On the whole, the decree seems fair and equitable and not such as will deprive any of the appellants of their actual equitable rights.

A decree will be entered here that the cross-complainant, J. W. Looney, recover from John W. Loder the sum of $280 with interest thereon at the rate of 6 per cent per annum from August 17, 1920, $60 as attorney's fees, $1 as cost of recording the lien, and his costs and disbursements in the lower court; and that all the right, title and interest of John W. Loder in the house situated upon lot 2 in Fields' Addition to Oregon City, and in the undivided half of said lot 2, be sold to satisfy the sums above adjudged to be due, including costs and accruing costs, and at said sale the appellants be barred of all claim on the interest so to be sold, except the right of the Sunset Land Company to enforce its equitable lien for the unpaid balance of the purchase price of said lot 2. As this decree will be in some respects a modification of the decree of the Circuit Court, neither party will recover costs here.     MODIFIED.