Submitted on briefs at Pendleton October 26, 1925, affirmed with amendments January 19, 1926.

## IDA M. DUTTON *v.* MINNIE F. BUCKLEY.

### (242 Pac. 626.)

**Husband and Wife—When "Tenancy by the Entirety" Exists Stated.**

1. "Tenancy by the entirety" exists whenever a deed is made to husband and wife as such; matrimonial unity of husband and wife constituting them one person for purpose of receiving title in such conveyance.

**Husband and Wife—Wife's Joining With Husband in Deed to Selves had No Effect, With Wife Having No Interest in Property.**

2. Where wife had no interest in husband's property other than inchoate dower interest, her joining with him in deed back to husband and herself had no effect.

**Husband and Wife—Conveyance by Owner to Himself and Wife Would Operate as Reservation of Interest as to Himself.**

3. Owner of property could not convey property to himself, and hence conveyance to himself and wife, while it would be sufficient as to wife, could only operate as reservation of interest as to himself.

**Deeds—Deed Construed to Effect Intent of Parties—Deed not Construed to be a Nullity.**

4. A deed will be construed to give effect to intent of parties, if possible, in view of Sections 716, 717, Or. L., and not to render it a nullity.

**Husband and Wife—Deed by Owner to Self and Wife Conveyed One-half Interest in Estate to Wife and Remainder in Other Half.**

5. Where husband deeded property to self and wife, with intent to create such an estate that survivor would take whole estate in fee, deed, in view of Sections 716, 717, 9745, 9845, Or. L., conveyed one-half interest to wife and remainder in other half in case of husband's death.

**Vendor and Purchaser—Purchaser not Bound to Take Property With Chance of Having it Subjected to Debts of Vendor's Deceased Husband.**

6. Where deed by husband to himself and wife conveyed wife one-half interest and remainder in other half in case of his death,

---

1. Creation and existence of tenancy by entireties, see note in 30 L. R. A. 305.

remainder was subject to husband's debts, and purchaser from wife was not bound to take property with chance of having it subjected to such debts.

---

Deeds, 18 **C. J.**, p. 159, n. 79, 80, p. 160, n. 97, p. 253, n. 35, p. 256, n. 63.
Husband and Wife, 30 **C. J.**, p. 565, n. 72, 75 New, p. 688, n. 85, New.
Vendor and Purchaser, 39 **Cyc.**, p. 1496, n. 39.

From Baker: C. H. McCulloch, Judge.

In Banc.

This is a suit to enforce the specific performance of a contract of agreement to buy and pay for certain real estate. The facts are as follows:

In June, 1920, W. P. Dutton made a will wherein he provided, among other things, that all his property, real and personal, should be held and managed or sold by his executors and the income therefrom be paid to his wife Ida M. Dutton, the plaintiff herein, with the further provision that upon the decease of his wife, one half of the property and estate then remaining should be paid over to his legal heirs and the other half to the heirs of his wife. The will contains other provisions not necessary to be cited here.

The complaint states that several weeks prior to the ninth day of May, 1924, Dutton called an attorney at law to advise with him in the matter of making disposition of his real property other and different from that provided in his will, whereupon the attorney did call upon Dutton, and Dutton, in the presence of his wife, explained that he had made provision in the said will for the disposition of his real estate, which if carried out would necessitate probate proceedings and would cause said real estate to descend to certain heirs, whereas he, the said Dutton, had decided on a different course and desired the said attorney to prepare such deeds and other instru-

ments in writing as would accomplish the conveyance
of said real estate from the said W. P. Dutton to him,
the said W. P. Dutton, and to plaintiff Ida M. Dutton,
his wife, to the end that in the event of the death of
either, the survivor would take all of said real estate
in fee simple and without the necessity of any probate
proceedings, and under an arrangement whereby
plaintiff would secure said real estate in fee simple
upon the event of the death of the said W. P. Dutton
instead of a life estate therein; that said matter was
fully discussed between the said W. P. Dutton, Ida M.
Dutton, plaintiff, and the said attorney, and the said
W. P. Dutton assured the said attorney that an estate
by the entireties with survivorship in plaintiff was
what he desired and did direct the said attorney to
prepare forthwith such instrument or instruments of
conveyance as would be necessary to accomplish such
result.    That the attorney thereupon prepared and
the plaintiff and W. P. Dutton executed a deed, which
is as follows:

"Know All Men By These Presents, That we, W. P.
Dutton and Ida M. Dutton, his wife, in consideration
of the sum of One Dollar and other good and valuable
considerations to us paid by W. P. Dutton and Ida M.
Dutton, husband and wife, have bargained and sold
and by these presents do hereby grant, bargain, sell
and convey unto the said W. P. Dutton and Ida M.
Dutton, husband and wife, their heirs and assigns, all
the following described real property, to-wit:

"Lot 11 in and of Block 66 in and of Irvington, an
Addition to the city of Portland, in Multnomah
County, Oregon, according to the duly recorded plat
thereof in the office of the County Clerk of said
county.

."Together with the tenements, hereditaments, and
appurtenances thereunto belonging, or in anywise
appertaining; and also our estate, right, title and in-

terest at law and equity therein or thereto, including dower and right of dower.

"To Have and To Hold the Same unto the said W. P. Dutton and Ida M. Dutton, husband and wife, their heirs and assigns forever. And we, the said W. P. Dutton and Ida M. Dutton, do hereby covenant to and with the said grantees, their heirs, assigns and legal representatives, that they are the owners in fee simple of said real property and every part thereof, that the same is free from all incumbrances, except a mortgage in the present principal sum of approximately $2700.00, which incumbrance the grantees assumes and agrees to pay, and that we will, and our heirs, executors and administrators shall

"Warrant and Defend the same to the said grantees their heirs and assigns forever against the lawful claims and demands of all persons whomsoever, except as above stated, it being the intention of this instrument to create an estate by the entirety in and to said property.

"In Witness Whereof, We have hereunto set our hands and seals this 9th day of May, A. D. 1924.

"W. P. DUTTON. (Seal)
"IDA M. DUTTON. (Seal)
"Executed in the presence of:
"J. W. MORROW.
"THERESA C. DEPUE."

This deed was duly recorded the day after it was executed.

W. P. Dutton died on the twenty-first day of July, 1924, and his will was duly presented for probate and the court expressly found that the real property described therein had been conveyed as shown by the deed last quoted. It was excepted from probate, the probate proceedings being carried on as to the balance of the property not mentioned in the deed.

Plaintiff, assuming herself to be by the aforesaid deed a tenant by the entirety, therefore, as a sur-

vivor, the owner of the real estate described therein, entered into a contract of sale with the defendant whereby she contracted with defendant in the usual form to execute to defendant a good ånd sufficient warranty deed to the premises conveying the title thereto on or before January for the sum of $9,200. Upon this contract the defendant paid $3,200, entered into possession of the premises and made some improvements thereon, but objected to the title on the ground that there was a doubt as to the soundness of plaintiff's title to the property and declined to pay the balance until the title was made certain. This suit was brought by plaintiff for the purpose of having a decree of the court as to the nature and extent of plaintiff's title to the property. There was a demurrer on behalf of defendant that the complaint did not state a cause of suit, which demurrer was sustained and plaintiff appealed.     AFFIRMED.

For appellant there was a brief over the name of *Messrs. Nichols, Hallock & Donald.*

For respondent there was a brief over the names of *Messrs. Joseph, Haney & Littlefield* and *Mr. C. H. Greene.*

McBRIDE, C. J.—1. This case presents some peculiar features. The plaintiff is anxious to sell the property and the defendant is perfectly willing to buy it and pay the price, but hesitates to pay the large sum of $9,200 in the present state of the title. The sole question is: What estate did the peculiar deed executed by the husband and wife create in the property? A tenancy by the entirety exists whenever a deed is made to the husband and wife as such, it being held in this state that in such a conveyance the

matrimonial unity of the husband and wife consti-tutes them as one person for the purpose of receiving the title: *Noblitt* v. *Beebe,* 23 Or. 4 (35 Pac. 248); *Howell* v. *Folsom,* 38 Or. 184 (63 Pac. 1156, 84 Am. St. Rep. 785); *Hayes* v. *Horton,* 46 Or. 597 (81 Pac. 386); *Oliver* v. *Wright,* 47 Or. 322 (83 Pac. 870), and a long series of authorities. In numerous other cases in this state it is held that a conveyance, which made unrelated persons joint tenants at common law, created, as to husband and wife, a tenancy by the en-tireties. The usual method by which an estate is created is by a deed from the grantor naming the grantees as husband and wife, and, where the parties themselves desire to create such an estate, the usual way of creating it would be by both of them joining in a deed to a third party and that party conveying to them the same property describing them as husband and wife. We are cited to no case in which it appears that this estate has been otherwise created, although *Bassett* v. *Budlong,* 77 Mich. 338 (43 N. W. 984, 18 Am. St. Rep. 404), would seem to decide that such an estate might be created by deeds between the husband and wife.

Those sections of the statute bearing upon the sub-ject of conveyance between husband and wife and the construction of instruments generally are as follows:

Section 716, Olson's Oregon Laws. "In the con-struction * * of an instrument the intention of the parties, is to be pursued, if possible."

Section 717, Olson's Oregon Laws. "For the proper construction of an instrument the circum-stances under which it was made, including the situa-tion of the subject of the instrument and of the parties to it, may also be shown so that the judge be placed in the position of those whose language he is to interpret."

Section 9745, Olson's Oregon Laws. "A conveyance, transfer, or lien executed by either husband or wife to or in favor of the other shall be valid to the same extent as between other persons."

And Section 9845, Olson's Oregon Laws. "A husband and wife may, by their joint deed, convey the real estate of the wife in like manner as she might do by her separate deed if she were unmarried."

2–6. With these sections in view, let us consider the effect of this deed. The plaintiff's husband, W. P. Dutton, was the absolute owner of the property and could convey it to her in fee simple or any interest in it, present or future, without the intervention of a trustee. She had no interest in the property that was capable of conveyance to her husband, her interest being an inchoate right of dower which depended, of course, upon the exigency of her outliving her husband. So far as she being a grantor in the deed, she conveyed nothing and, for all the purposes of this case, her joining in the deed as grantor can have no effect in any event. Dutton, being the owner of the property, could convey to her a fee-simple estate or an estate contingent upon his death or any other interest that he had in the property. Being the owner of the property he could not convey the property to himself. A conveyance by him to himself and wife, nothing else being shown, while it would be sufficient as to her, could only operate as a reservation of an interest as to himself. In the construction of the deed, the courts, if possible, will give effect of the intent of the parties and a deed will not be so construed as to render it a nullity. The evident intention of the parties to this deed was to create such an estate in the land that the survivor would take the whole estate in fee, and it does not matter whether we call it an estate by the entireties, or a re-

mainder in fee to the party who should survive, the effect of Dutton's deed being to convey a one-half interest in the estate and a remainder in the other half in case of his death. But this remainder might be subject to any debts of the estate. It does not appear here that the estate has ever been settled or any debts thereof, if any existed, paid, and in the present state of the title, while we think this agreement between the parties cuts out the heirs, the defendant is not bound to take the property with a chance of having it subjected to the debts of W. P. Dutton. The judgment of the Circuit Court is therefore affirmed and the case remanded with permission to the plaintiff to apply to the Circuit Court for leave to amend the complaint so as to have the question determined as to debts, which may be a possible encumbrance on W. P. Dutton's interest in the land described. As this seems to be a suit brought to determine the interest of all parties, neither will recover costs here.                                    AFFIRMED.