. Argued April 1, affirmed April 20, 1926.

# WILLIAM S. DODD, Executor, *v.* FIRST NATIONAL BANK OF EUGENE.

### (245 Pac. 504.)

**Executors and Administrators—Petition by Executor to Enjoin Bank from Enforcing Payment of Note Signed by Testator Held Insufficient to Entitle Plaintiff to Relief as in Suit of Quia Timet.**

1. Petition by executor to enjoin bank from enforcing payment of note signed by testator and wife, which did not allege that testator signed note as surety for wife, *held* insufficient to entitle plaintiff to relief as in suit of *quia timet.*

**Executors and Administrators—Petition Held not to Allege Reason Why Bank Should not Enforce Note Signed by Testator and Wife Against Executor Alone, Even Though the Latter Might Otherwise be Entitled to Exoneration.**

2. Petition in suit to enjoin bank from enforcing, as against executor, payment of note signed by testator and wife, and to require wife to pay note out of her separate estate, alleging antenuptial contract, agreeing that survivor should receive named sum only from the estate of the other, and that money borrowed from bank was applied in part payment of price of land, and that on death of decedent title thereto vested in widow, *held* not to state cause of action why bank should not enforce claim against executor, even though latter was otherwise entitled to exoneration, especially where antenuptial contract did not limit right of husband to make other provision for wife.

**Husband and Wife.**

3. Conveyance of land to husband and wife jointly creates in them estate by the entirety, and on death of either entire property vests in survivor.

---

Executors and Administrators, 24 **C. J.**, p. 277, n. 68.
Husband and Wife, 30 **C. J.**, p. 516, n. 46, p. 570, n. 69, p. 573, n. 97 New.

From Lane: George F. Skipworth, Judge.

Department 1.

ÁFFIRMED.

For appellant there was a brief and oral argument by *Mr. H. E. Slattery.*

---

3.   See 13 R. C. L. 1118.

For respondent First National Bank of Eugene there was a brief over the name of *Messrs. Harris, Smith & Bryson,* with an oral argument by *Mr. Lawrence T. Harris.*

For respondent Annie Frances Dodd there was a brief and oral argument by *Mr. Charles A. Hardy.*

RAND, J.—Plaintiff, the executor under the will of C. J. Dodd, deceased, instituted this suit to enjoin the defendant bank from enforcing as against the executor payment of a promissory note given to the bank by plaintiff's testator, and Annie F. Dodd, testator's wife, and to require the defendant Mrs. Dodd to pay the note out of her separate estate, and to save the executor harmless therefrom. The case is brought here upon an appeal from a final order and decree sustaining a demurrer to the complaint, and dismissing the suit as to both defendants.

It appears from the allegations of the second amended complaint, and of the supplemental complaint, that before the marriage of plaintiff's testator and his said wife an antenuptial contract was entered into between them, wherein it was agreed that upon the death of either, the survivor should receive the sum of $1,000 only from the estate of the deceased spouse. It is alleged that the money borrowed from the bank upon the note in question was applied in part payment of the purchase price of certain real property in the City of Eugene, which was by deed conveyed to both decedent and his wife, and was used and occupied by them as a home, and that upon the death of decedent the full title to said property became vested in the surviving widow.

It is further alleged that after the marriage decedent made a will giving to his wife certain legacies aggregating the sum of $1,800. The relief sought by the executor is a decree authorizing and directing him to apply so much of said legacies as may be necessary to take up and pay said note, and to require the bank to await the determination of this suit before enforcing its claim against the executor. After the commencement of the suit, the bank commenced action upon the note against the executor alone.

The supplemental complaint sets up the commencement of the action, and renews the prayer that the bank be required to await the determination of the suit before further prosecuting said action. A demurrer to the complaint in said action was overruled, and a judgment against the executor was entered, and upon appeal, this judgment has upon this day been affirmed.

1. The cause of suit alleged in the complaint is in the nature of a suit *quia timet,* but the allegations are not sufficient to entitle plaintiff to the relief obtained by a suit of that nature. The note in question was in the first person singular, and was signed by testator and his wife. The signature of the wife following that of her husband. The word "surety" does not appear in the note, nor is there any allegation that the testator signed the note as surety for his wife. The order in which the note was signed, the relation of the parties, and the character of the transaction involved, all negative any idea of the husband having acted as a surety for his wife in borrowing the money from the bank.

2, 3. We held in the law action that the promise in the first person singular, signed by testator and his

wife, bound them jointly and severally, and that upon
the death of the testator, the bank was entitled to
maintain an action to recover upon the note against
the representative of the testator, without joining in
the action the wife, although living. No part of the
note or of the legacies has ever been paid, and it is
admitted that the amount of the legacies given by
the will to the wife, exceed the amount due upon the
note. There is, therefore, no reason why the bank
should not enforce its claim against the executor
alone, even though the executor would otherwise be
entitled to exoneration. In this state, a conveyance
of real property made to a husband and wife jointly
creates in them an estate by the entirety, and upon
the death of either the entire property vests in the
survivor. The executor contends that because the
testator happened to die first, the wife received the
whole consideration for which the note was given,
and that because she ultimately received the entire
benefit of the loan she should be required to pay the
note and to hold her deceased husband's estate harm-
less therefrom. It was the duty of the husband to
provide a home for his wife. Independent of this
legal duty upon his part, he stipulated in his ante-
nuptial contract to "furnish to the said party of the
second part a reasonably good home, and reasonable
support so long as he, the said party of the first
part, may live." In the purchase of the home, pre-
sumably with his full knowledge and consent, the
conveyance was taken in his name as well as that of
his wife. While the antenuptial contract was prob-
ably binding upon the wife, a matter concerning
which we do not decide, it did not in any way limit
the right of the husband to make other provisions for
the benefit of the wife than those provided for her in

the contract.  The fact that the testator did make such provision, by the manner in which the conveyance was made, and by the terms of his will, affords to the executor no ground of complaint.

We know of no law entitling plaintiff to either legal or equitable relief upon the facts stated, and therefore the decree is affirmed.                    Affirmed.

McBride, C. J., and Burnett and Bean, JJ., concur.