Submitted on briefs January 5, modified January 25, rehearing denied and former opinion supplemented March 22, 1927.

# G. KLORFINE *v.* ERNEST COLE.

### (252 Pac. 708; 254 Pac. 200.)

**Judgment—Where Husband and Wife Conveyed Real Property to Corporation Which had Been Dissolved, Lien of Judgment Against Husband, Entered After Conveyance, was, as to Husband's Interest, Prior to Claim Under Deed from Corporation.**

1. Where deed was given by husband and wife as tenants by entirety to corporation which had been dissolved for failure to pay license fees, judgment creditor of husband, whose judgment was docketed after deed of conveyance to corporation, had lien on husband's interest prior to interest of grantee from corporation as corporation after dissolution could not receive title to real estate.

**Husband and Wife—"Estate by the Entirety" is Common-law Estate, Based on Doctrine That Husband and Wife are One.**

2. "Estate by the entirety" is common-law estate, based on doctrine that husband and wife are one, and that conveyance of real property to husband and wife creates but one estate.

**Husband and Wife—"Estate by Entirety" is Created by Conveyance of Real Property to Husband and Wife.**

3. Conveyance of real property to husband and wife creates "estate by entirety."

**Husband and Wife—Interest of Husband as Tenant by the Entirety With Wife Held Subject to Lien of Judgment Against Husband.**

4. Interest of husband in land as tenant by entirety with his wife was subject to lien of judgment against husband, and could be sold on execution.

**Corporations—Deed to Corporation Which had Been Dissolved Could Convey No Interest in Property (Or. L., § 6897).**

5. Deed from husband and wife, who were sole stockholders, to corporation, which had been dissolved by proclamation of Governor for failure to pay annual license fees, was null and void, and failed to convey to corporation any interest in real property, as corporation had ceased to exist, except for specific purpose of winding up business under Section 6897, Or. L.

**Deeds—Existence of Grantor and Grantee is Necessary to Constitute Valid Deed.**

6. In order to constitute valid deed, there must be both grantor and grantee.

---

2. See 13 R. C. L. 1097.
3. See 13 R. C. L. 1096.

ON PETITION FOR REHEARING.

**Deeds—Conveyance as Between Vendor and Purchaser Transfers Title if True Owner Conveys by Any Name.**

7.  In conveyance of real property, if true owner conveys by any name, conveyance as between vendor and purchaser will transfer title.

**Judgment—Judgment Against Husband, Who With Wife Conveyed Property to Corporation Civilly Dead, Became Lien on Husband's Interest in Such Property.**

8.  Where deed by husband and wife to corporation was void as executed after corporation was civilly dead, judgment by creditor against husband became lien on all husband's title and interest in property subject to mortgages thereon.

Corporations, 14a C. J., p. 1161, n. 64.
Deeds, 18 C. J., p. 158, n. 66, p. 173, n. 7.
Husband and Wife, 30 C. J., p. 564, n. 66, p. 565, n. 70, p. 570, n. 69, p. 572, n. 84.
Judgments, 34 C. J., p. 173, n. 49.
Mortgages, 27 Cyc., p. 1661, n. 97.

From Polk: W. M. RAMSEY, Judge.

In Banc.

This is a foreclosure proceeding. The petition alleges three causes of suit, the first and second based upon mortgages, and the third grounded upon a deed given to secure an indebtedness. The property involved is a tract of real estate situate in Polk County. The following constitute the important stipulated facts in the case:

On January 7, 1924, the Ernest Wells Realty Company, an Oregon corporation, was dissolved by proclamation of the Governor for failure to pay its annual license fees, and was never reinstated. On March 29, 1924, defendants Ernest L. Wells and Vera B. Wells, husband and wife, were the owners, as tenants by the entirety, of the real property described in plaintiff's complaint, and, on that day, attempted to convey to the corporation above mentioned that real

7.  See 8 R. C. L. 957.

property. On June 28, 1924, defendant Ernest Cole was a judgment creditor of Ernest L. Wells, and, on that date, Cole caused a duly certified transcript of his judgment to be docketed in the Lien Docket of the Circuit Court of Polk County, Oregon. On July 25, 1924, the corporation known as Ernest Wells Realty Company, by Ernest L. Wells, President, and Vera B. Wells, Secretary, executed and delivered to this plaintiff, G. Klorfine, a deed purporting to convey to her the real property described in the complaint, and on the same day the deed was filed for record with the County Recorder of Polk County. Thereafter this suit was instituted.

Based upon the facts as stipulated, the court found that, at all times mentioned in the pleadings, Ernest L. Wells and Vera B. Wells were husband and wife, and that the real property involved was conveyed to them by one deed; that they owned and held the land described therein as tenants by the entirety, and that, on March 29, 1924, they attempted to convey this land to the Ernest Wells Realty Company, a corporation.

As conclusions of law the court found that, because the corporation had been previously lawfully dissolved for failure to pay the license fee to the state and by reason thereof possessed no capacity to receive the attempted conveyance, such attempted conveyance was null and void and failed to convey such property to the corporation, and that, as a consequence, plaintiff's third cause of suit must fail. The court further held that, because Ernest L. Wells was a tenant by the entirety, the judgment of Ernest Cole against him was not a lien upon the real property involved.

A decree was entered foreclosing the first and second mortgages and directing that the property be

sold and the proceeds applied to the payment thereof, and that the surplus, if any, be paid to the defendants, Ernest L. and Vera B. Wells, as tenants by the entirety. From this decree, G. Klorfine, plaintiff, and defendant Ernest Cole appeal.     MODIFIED.

For appellant there was a brief over the name of *Mr. M. B. Meacham.*

For respondent and cross-appellant there was a brief over the name of *Mr. Ernest Cole, in pro. per.*

BROWN, J.—1-3. In some jurisdictions in this country, estates by entirety have never been recognized, while in others such estates have been abolished by statute. An estate by the entirety is plainly a common-law estate, and is generally held to be based wholly on the common-law doctrine that the husband and wife are one; that a conveyance of real property to the husband and wife creates but one estate, each being the owner of the whole thereof, and that, upon the death of either, the survivor is the owner in fee simple: 13 R. C. L., pp. 1097, 1099; 30 C. J., pp. 564, 565; 15 Am. & Eng. Ency. of Law (2 ed.), p. 847; 1 Bishop on the Law of Married Women, § 613. In this jurisdiction, a conveyance of real property to a husband and wife creates an estate by entirety. This doctrine has been uniformly upheld by our court throughout a long line of decisions: See *Noblitt* v. *Beebe,* 23 Or. 4 (35 Pac. 248); *Howell* v. *Folsom,* 38 Or. 184 (63 Pac. 116, 84 Am. St. Rep. 785); *Hayes* v. *Horton,* 46 Or. 597 (81 Pac. 386); *Oliver* v. *Wright,* 47 Or. 322 (83 Pac. 870); *Chase* v. *McKenzie,* 81 Or. 429 (159 Pac. 1025); *Heacock* v. *Loder,* 106 Or. 323 (211 Pac. 950); *Stout* v. *Van Zante,* 109 Or. 430 (219 Pac. 804, 220 Pac. 414); *Twigger* v. *Twigger,* 110

Or. 520 (223 Pac. 934); *Dutton* v. *Buckley,* 116 Or. 661 (242 Pac. 626); *Dodd* v. *First Nat. Bank of Eugene,* 117 Or. 691 (245 Pac. 504).

4. The trial court held that the interest of Ernest L. Wells was not subject to the lien of defendant Cole's judgment, upon the theory that an estate by the entirety was exempt from execution against either spouse. The authorities are not in harmony upon this question. The decision of the trial court finds some support both from text-writers and from courts. However, it is settled law in this state that the interest of a judgment debtor, as tenant by the entirety with his wife, may be sold on execution. This pronouncement of the law was made by Mr. Chief Justice ROBERT S. BEAN, speaking for this court in the early case of *Howell* v. *Folsom, supra.* That case was a suit to foreclose a mortgage executed solely by a married woman who possessed an estate by entirety in the lands. Upon the hearing in the lower court, the mortgage was declared void because the husband had not joined in its execution. On appeal to this court the case was reversed, the court holding, in substance, that a married woman may convey or encumber her property in which she holds by entirety. In rendering its decision the court said, at page 187:

"We take the rule, therefore, to be abundantly established that a husband can convey an estate held by himself and wife as tenants by the entirety, and that such conveyance will vest the fee in the purchaser, if the husband survive the wife. And, as our statute has given the wife power and authority to sell and convey her property 'to the same extent and in the same manner that her husband can property belonging to him' (Laws 1893, p. 170, amending § 2992, Hill's Ann. Laws), we think it clear she may convey

an estate by the entirety with like effect as her husband."

In *Heacock* v. *Loder, supra,* Mr. Chief Justice McBRIDE stated the view of this court in language following:

"It is objected that, as the cross-complaint alleges that John W. Loder and his wife, Grace E. Loder, are the owners or reputed owners of the building, this shows that there is a tenancy therein by entirety, and that a lien cannot be enforced thereon against Loder, the husband. In this state it is settled by the elaborate opinion of Mr. Chief Justice ROBERT S. BEAN in *Howell* v. *Folsom,* 38 Or. 184 (63 Pac. 116, 84 Am. St. Rep. 785), that a husband may encumber his interest held by himself and wife in entirety, and that a sale upon such encumbrance will convey to the purchaser the fee in such property in case the husband survives his wife."

5, 6. The plaintiff contends that the court erred in holding that the deed attempted to be made by defendants Ernest L. and Vera B. Wells to the Ernest Wells Realty Company on March 29, 1924, was null and void and that it failed to convey to the corporation any interest in the real property therein described, and that the deed attempted to be made by that corporation to the plaintiff to secure the payment of various sums as set out in her third cause of suit, was likewise null and void. A study of the record clearly shows that plaintiff's contention is untenable. It is stipulated that defendants Ernest L. Wells and Vera B. Wells were the sole stockholders of the Ernest Wells Realty Company, and that, at the time they attempted to convey the premises to the corporation, the corporation had been dissolved by proclamation of the Governor for failure to pay its license fee. This being true, when the husband and wife at-

121 Or.—6

tempted to convey to their corporation the land they
possessed as tenants by the entirety, the corporation
had ceased to exist except for the purposes specified
by statute: Section 6897, Or. L. It is elementary
that, in order to constitute a valid deed, there must be
both a grantor and a grantee: 18 C. J., p. 158.

In the light of the above principle, the following
succinct statement by, an eminent text-writer is
especially pertinent to the issue:

"When a corporation is dissolved, it is dead, and,
in the absence of a statute to the contrary, it no
longer exists for any purpose." Clark on Corpora-
tions (3 ed.), p. 313.

In the case of *Los Angeles & Arizona Co.* v. *Marr*,
187 Cal. 126 (200 Pac. 1051), the Supreme Court of
California said:

"Where a corporation has failed to pay its license
tax and a forfeiture of the charter has been declared,
it thereupon ceases to be a corporation, and has no
right to dispose of its property (citing *Newhall* v.
*Western Zinc Mining Co.*, 164 Cal. 380 (128 Pac.
1040); *Aalwyn's Law Institute* v. *Martin*, 173 Cal. 21
(159 Pac. 158)."

In the case of *Rossi* v. *Caire*, 186 Cal. 544 (199 Pac.
1042, 1045), the court went fully into the question of
the status of a corporation which has suffered the
forfeiture of its charter, and in a forceful and con-
vincing opinion said:

"The status of a corporation whose charter is for-
feited under the License Tax Act referred to is well
settled by decisions of this court. The penalty im-
posed by the act for nonpayment of the license tax
prescribed was exceedingly severe, and the conse-
quence doubtless often disastrous. But, in view of
our constitutional provisions, the absolute power of
the state over corporation charters was such, and the

intention of the act to accomplish this end was so clearly and unambiguously shown thereby, that there could not be any well-founded difference of opinion as to the result. The governor's proclamation having been duly made, and the corporation having failed to pay within the specified time thereafter, the corporation simply ceased to exist, just exactly as in the case of a forfeiture for cause by judicial decree, without any existing provision of law for rehabilitation as a corporation.''

Note, also, the case of *Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393 (205 Pac. 446), where the court significantly says:

''During the time its taxes were unpaid, petitioner was shorn of all rights save those expressly reserved by the statutes.''

See, also, *Van Landingham* v. *United Tuna Packers,* 189 Cal. 353 (208 Pac. 973).

In *Houston* v. *Utah Lake Land, Water & Power Co.,* 55 Utah, 393 (187 Pac. 174), the court, in treating the subject of a defunct corporation, thus announces its views:

''It is utterly fallacious to say that a corporation by its corporate death is given everlasting corporate life; * * the civilly dead corporation could not ratify those things that it had no authority and no power to do. It was neither a *de jure* nor a *de facto* corporation after the forfeiture of its charter. In 8 Fletcher's Cyc. Corp., § 5572, it is said: 'It is hardly necessary to state that a corporation which has been dissolved cannot continue business as a going concern. This is so, even though a statute continues its existence for a definite or indefinite time to wind up the business.' Referring to a statute providing that a corporation may, after its dissolution, continue for the purpose of winding up its business, the same author, at section 5636, says: 'But such a statute does not authorize it to engage in any new business trans-

actions.' * * The proclamation of the 'governor of this state forfeiting the charter of the Utah · Lake Land, Water & Power Company in 1915 was notice to all of the world that thereafter, unless reinstated within the time by law provided, that corporation had no right and no power to engage in any business whatever except such as would be necessary for the purpose of winding up its affairs."

As to transfers by or to a corporation after its dissolution, 8 Fletcher Cyclopedia, Corporations, p. 9194, makes the following concise statement:

"Of course a corporation cannot take or make a conveyance of property after its dissolution."

In the case at bar, it is not pretended that the transfer of the property was made to or from the corporation for the purpose of winding up its business.

A consideration of the facts and the law of this case unquestionably establishes that the judgment of the defendant and appellant Ernest Cole against defendant Ernest L. Wells is a lien on all the title and interest which Ernest L. Wells owned or had in the land involved herein on June 28, 1924. The decree of the lower court will be modified in accordance with this opinion.                    Modified.

---

Rehearing denied and former opinion supplemented March 22, 1927.

## On Petition for Rehearing.

(254 Pac. 200.)

*M. B. Meacham*, for the petition.

No appearance *contra*.

This is a petition for rehearing. The complaint was filed for the purpose of foreclosing liens represented by two mortgages and a third lien represented

by a deed given to secure an indebtedness for money alleged to have been loaned by the plaintiff to Vera B. Wells, Ernest L. Wells and the Ernest Wells Realty Company, Inc. The defendant Ernest Cole was a judgment creditor of the defendant Ernest L. Wells. For the facts in the case, as stipulated by the plaintiff and Ernest Cole, the only answering defendant, see our opinion filed in this court January 25, 1927.

7. All parties sued by plaintiff other than Ernest Cole have made default, and as to them we take the allegations of the petition for foreclosure to be true. It appears from the admitted allegations that Wells and his wife, either directly or indirectly, through the agency of the Ernest Wells Realty Co., Inc., obtained loans from plaintiff to the amount of about $1,000, and that they, for themselves and their corporation, executed to plaintiff, as security for these loans, a deed conveying to the plaintiff the land involved herein. It is a rule of law governing the conveyance of real property that, if the true owner conveys by any name, the conveyance as between the grantor and grantee will transfer title: Devlin on Real Estate (3 ed.), §§ 188, 189; 3 Washburn on Real Property, 281. However, the lien of Ernest Cole had attached prior to the execution of the deed above described.

8. In deciding the case, we held that the deed executed by Ernest L. Wells and Vera B. Wells to the Ernest Wells Realty Company, Inc., on March 29, 1924, was void as to the answering defendant Cole, for the reason that, at the time of the execution thereof, the corporation was civilly dead, its charter having been legally annulled on January 7, 1924. Under this holding, the judgment of Ernest Cole became a lien, subject to the first and second mortgages,

on all the title and interest which Ernest L. Wells owned or had in the land hereinbefore referred to.

We adhere to our former holding, and, in addition, we direct the foreclosure of plaintiff's deed in satisfaction of her third cause of suit, which lien, however, is subsequent to the lien of Ernest Cole on the interest in the property possessed by Ernest L. Wells. We direct that the property be sold according to law, and that the proceeds be applied to the payment of the liens in the order of their priority, and that any balance remaining after such liens are satisfied be paid to Ernest L. Wells and Vera B. Wells, the exclusive shareholders of the defendant Ernest Wells Realty Company, Inc.

REHEARING DENIED. FORMER OPINION SUPPLEMENTED.

BELT, J., absent.