## GOGGIN v. E. T. Va. R. R. Co.

MASTER & SERVANT.—*Liability of Master for injuries to Servant.*

1. A master is not answerable to one of his servants for an injury received by him in consequence of the carelessness of another servant, while both are engaged in the same service. (1)

2. SAME. But it seems that the rule could be otherwise, if the injury arose from the negligence of the master in selecting his servants, or in making proper provision for their safety. (2)

WRIGHT, J,, delivered the opinion of the Court:

This is an action on the case for an injury sustained by the plaintiff at the time he was in the employment of the defendant as a servant or laborer, caused by the alleged negligence of other servants or agent of the defendant while also in the employment of the defendant.

The cause of action as stated in the declaration is that the plaintiff was employed with other laborers by the defendant in loading with earth and gravel a certain train of cars, which the defendant had then and there running upon the road of the defendant, and which train of cars, was then and there under the

care, direction, and government of certain agents of the defendant; and which said train of cars was used for the conveyance of the said earth and gravel from alongside of the said road where the same were loaded, to a certain point down the road. And the said plaintiff, with other laborers, being so employed, was subject to the order and control of the said agents of the defendant, then and there having the care and direction and government of said train; and being so subject to the plaintiff, with other laborers, was ordered to place a certain hand car upon said road, and upon it to follow said train of cars up the road from the point where said train had been loading, so as to get out of the way of a certain other train of cars which the defendant had then and there running upon said road, and which said last mentioned train of cars was then and there under the care, governmen.., and direction of certain other agents of the defendant. And the plaintiff, with others, in compliance with the orders so delivered to him and, others, did place said hand car upon said road, and upon said hand car did follow the said first mentioned train of cars up the said road, and were urging the said hand car along at considerable speed, to get out of the way of, and to escape danger from the said other train of cars of the defendant, which was approachiug them from behind, and very near; nevertheless, by the gross negligence and carelessness of the defendant; by its agents having the care and direction of the said mentioned train which had started up the road, in the breaking of and stopping said train at an unusual point of stoppage, and in a curve of said road, where the said plaintiff could not see the

Goggin v. E. T. Va. R. R. Co.

train until he had approached so near the same, that it was impossible to check up the said hand car until it came in violent collision with the said train, whereby the said hand car upon which the said plaintiff and others were riding, and by means of which they were endeavoring to escape from danger from the train coming behind them, was brought into violent contact with the first mentioned train, and the plaintiff was thereby, then and there, thrown with great force and violence against said train, and was thereby greatly bruised, hurt, &c.

To this declaration the defendant demurred, and the circuit court having sustained the demurrer, the plaintiff appealed to this court.

The judgment of the circuit court is in accordance with the decision of this court, in the case of Fox v. Sandford et al., 4 Sneed, 36, in which it was settled that a master is not answerable to one of his servants for an injury received by him in consequence of the carelessness of another servant, while both are engaged in the same service. (1)

We think upon this authority the declaration stated no cause of action against the defendant.

(1) Preistly v. Fowler, 3 Mees. & Wels. 1; Murray v. S. C. R . R. Co., 1 McMullen, 385; McDaniel v. Emanuel, 2 Rich. 455, 458 ; Brown v. Maxwell, 6 Hill 594; Coon v. S. & U. R. R. Co. 6 Barb. S. C. R. 231; S. C., 1 Selden, 369; Mears v. Com. of Wilmington, 9 Ired., 73; Hayes, v. W. R. R. Corp. 3 Cush. 270; King v. B. & W. R. R. & Corp. 9 Cush. 112; Ryan v. Cumberland V. R. Co. 23 Penn. 384; Homer v. I. C. R. R. Co. 15 Ill. 550; N. & C. R R. Co. v. Elliott, 6 Cold. 612.

See also Hunt v. Chicago & N. W. R. R. Co., 26 Iowa R.

It is not alleged that the defendant was wanting in due care in the selection of its servants, or in making proper provisions for their safety. (2) The claim for damages is put solely upon the negligence and carelessness of other servants of the defendant, while they and the plaintiff were both engaged in what we esteem the same service. The judgment of the circuit court is also fully sustained by the cases of Farwell v. The Boston & Worcester R. R. Co., 4 Metcalf's, Rep., 36 ; Hayes v . the Western Rail Road Corporation, 3 Cushing's Rep. 270.

*Judgment affirmed.*

(2) Wiggett v. Fox, 36 Eng. Law. & Eq. R. 486 ; Tarrant v Webb, 37 Id. 281. For here, as in other cases, he is liable to any in jury to his servant caused by his neglect. Paterson v. Wallace, 2 Id. 48 ; Marshall v. Stewart, 33 Id. 1 ; Keegan v. Western R. Corp; 4 Seld. 175 ; McMillan v. Saratoga R. Co. 20 Barb. S. C. R 449 And see the cases cited in the text. But it is settled that this doctrine does not apply to servants engaged in different employments. Haynes v. E. T. & Ga. R. R. Co., 3 Cold. 222. [And see Washburn v. N. & C. R. R. Co. 3 Head, 638 ; N. & C. R. R. Co. v. Elliott, 1 Head, 612.