ESTATE OF IRWIN A. SMITH, DECEASED, LILLIAN D. CURTIS, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102271.  Promulgated September 11, 1941.

*Allen G. Fletcher, Esq.*, for the petitioner.
*John H. Pigg., Esq.*, for the respondent.

OPINION.

ARNOLD: Petitioner contends that at the time of decedent's death, decedent and his wife each owned a one-half interest in the contract whereby they were to receive in installments the agreed purchase price for the royalty sold and that but one-half of the value of the contract at the time of decedent's death should be included in gross estate.

Respondent contends that the contract was held by decedent and his wife as joint tenants, or as tenants by the entirety, or that in any event the rights of decedent and his wife to receive the installment payments were acquired by them on the understanding and agreement that upon the death of either the legal interest of the deceased spouse in and to the right to receive such payments should pass to the survivor and that the entire value is includible in decedent's gross estate under section 302 (a), (e) of the Revenue Act of 1926, as amended by section 404 of the Revenue Act of 1934, the pertinent portions of which are set forth in the footnote.[1]

Petitioner cites and relies upon *Merry M. Dennis, Executrix*, 26 B. T. A. 1120, as controlling. There the decedent and his wife sold

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States—

(a) To the extent of the interest therein of the decedent at the time of his death;

* * * * * * *

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, * * * except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: * * *

certain New York real estate owned by them by the entirety and accepted in payment thereof purchase money, bonds, and mortgages made to "Frank H. Dennis and Merry M. Dennis, his wife." The unpaid balance was included in the decedent's gross estate. Decedent provided the funds for the purchase of the real estate. We there said:

* * * Upon the sale of the real estate held by the decedent and his wife as tenants by the entirety and the acceptance of purchase money mortgages and bonds made payable to both, the estate by the entirety ended (see *In re Thompson*, 142 N. Y. S. 1064), and since there is no estate by the entireties in personal property under New York law (see *In re Baum*, 106 N. Y. S. 113), and there was no express declaration that the decedent and his wife held the mortgages as joint tenants, the bonds and mortgages made payable to "Frank H. Dennis and Merry M. Dennis, his wife," were held in common, and each had a similar share of ownership therein. * * *

See also *Ada M. Slocum, Executrix*, 21 B. T. A. 169, which involved a similar question arising under the laws of Michigan.

Joint tenancies have been abolished in the State of Oregon, sec. 63–207, Oregon Code, 1930, except as to trustees and executors, sec. 63–209. In *Stout* v. *Van Zante*, 109 Or. 430; 219 Pac. 804; on rehearing, 220 Pac. 414, the Supreme Court of Oregon held that, in the absence of a contract, joint tenancies are abolished not only in real property, but also in personal property. Subsequent decisions of the Supreme Court of Oregon adhere to the general rule without discussing the effect of the contract exception. *Webb* v. *Woodcock*, 134 Or. 319, 329; 290 Pac. 751, 757; *Nunner* v. *Erickson*, 151 Or. 575; 51 Pac. (2d) 839, 855; *Holman* v. *Mays*, 154 Or. 241, 249; 59 Pac. (2d) 392, 395; *In re Edwards' Estate*, 140 Or. 431, 439; 14 Pac. (2d) 274.

Respondent cites, as the leading Oregon case on the subject, *Stout* v. *Van Zante, supra*, and relies upon the exception to the general rule therein set forth. He does not question that the contract constitutes personal property or that the Oregon law governs, but he asserts that the following facts and circumstances establish the existence of a contract and bring this case within the exception to the general rule there announced: That the royalty interest was held by decedent and his wife prior to the sale "as joint tenants with the right of survivorship"; that the purchase money installments were payable to them jointly by the terms of the contract of sale; that decedent provided the funds for the purchase of the royalty and no part thereof was ever the separate property of the wife; and that the installments received were deposited in their joint bank account, all of which he contends manifested an intention or understanding and agreement between decedent and his wife that upon the death

of either the legal interest of the deceased spouse and the right to receive such payments should pass to the survivor. In that case the court held a tenancy by the entirety ended upon conveyance by the husband and wife; that purchase money obligations secured by mortgages on the land sold, payable to husband and wife jointly, in the absence of an agreement to the contrary, which was found not to exist in that case, created in them a tenancy in common and not a joint tenancy with the right of survivorship.

In *Webb* v. *Woodcock, supra,* the husband and wife, owners of real property by the entirety, sold it and took in return purchase money obligations payable to the husband and wife "or the survivor" and to the husband and wife "as joint tenants with the right of survivorship." The court held, notwithstanding the language used in the purchase money obligations and notwithstanding the interest thereby indicated, that the husband and wife were tenants in common and each entitled to a one-half interest therein.

In *Nunner* v. *Erickson, supra,* the court said, at page 855:

The note, of course, was personal property. This state does not recognize joint ownership of personal property. Section 63–207, Oregon Code 1930; *Stout* v. *Van Zante,* 109 Or. 430, 219 P. 804, 220 P. 414. Although the farm was owned by the father and mother as an estate by the entireties, the note taken from the defendants in consideration thereof did not become their property by the entireties, because this state recognizes no such ownership of personal property. Upon the death of Joseph Erickson, his estate, therefore, became the owner of a one-half interest in the note, and his widow, Cora, became the owner of the other half. *Stout* v. *Van Zante, supra.*

In *Holman* v. *Mays, supra,* the court said: "It is quite well settled in the state of Oregon that under the law of this state an estate by the entirety in personal property cannot be created."

By the contract the purchaser was to pay the purchase price in installments to the sellers, and it is silent as to any survivorship rights of the sellers therein or the proceeds therefrom. There was no agreement between the sellers as to the right of survivorship and none existed. The facts and circumstances here do not warrant a conclusion that a joint tenancy existed in the contract, or that the sellers had any right of survivorship therein, if such right could be created under the Oregon law. We are, therefore, of the opinion and hold that the decedent and his wife were tenants in common, that each owned an undivided one-half interest in the contract and the proceeds thereunder, and that only one-half the value thereof, or $34,442.94 should be included in decedent's gross estate.

Adjustment under the issue decided and the issue waived by petitioner will be taken care of under Rule 50.

*Decision will be entered under Rule 50.*