## SELLS, Plaintiff-Appellee, v. NEEDLES, ET AL., Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 3928. Decided September 26, 1946.

Wiles & Doucher, Columbus, for Plaintiff-Appellee.
Harry Kohn, Columbus, for Defendant-Appellant.

**OPINION**

By THE COURT:

This is an appeal on questions of law from the Probate Court of Franklin County, Ohio.

The substance of the assigned errors is that the judgment is contrary to law. The record discloses that the plaintiff filed a petition in the Probate Court seeking to determine the correct construction of the will of Ada R. Needles who died on May 9, 1945. In her will which was executed on March 11, 1944, she gave the property known as 2652 Summit Street to her husband for life and at his death it was to go to Stanley N. Sells, the plaintiff herein. After the execution of the will and on the first day of February, 1945, Fred B. Needles, by virtue of a power of attorney, entered into a land contract for the sale of the property for the sum of $5000.00, which was payable $200.00 down and the balance, $4800.00, at the rate of $60.00 per month. At the death of the testatrix there was due and owing on said land contract the sum of $4890.00.

The question before the Court is as to the disposition of this property. The trial Court found that under §10504-48 GC this property passes to the devisee under the will, subject, however, to the terms of the land contract. §10504-48 GC provides as follows:

"What shall not be deemed a revocation. A bond, agreement or covenant, for a valuable consideration made by a testator, to convey property previously devised or bequeathed in a will, shall not revoke such devise or bequest, either at law or in equity. The property shall pass by such devise or bequest, subject to the remedies on such bond, agreement or covenant, for a specific performance or otherwise, against the heirs of the testator, or his next of kin, if it had descended to them."

The Court properly found that the contract which was executed was only an agreement to convey property which had been previously devised or bequeathed under the will; that the title remained in the testatrix which must pass on to the devisee under the will and subject to the contract. The

trial Court wrote a well considered and exhaustive opinion in which the leading Ohio cases were thoroughly discussed. It also discussed §§10504-50-51-52 GC. We can add nothing further to this opinion which would be of value.

Finding no error in the record the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## SELLS, Plaintiff v. NEEDLES, EXR. ET AL., Defendants.

Probate Court, Franklin County.

No. 115464. Decided May 4, 1946.

Vendor & Purchaser [Abs & O. Jur.] §132

1. Where a testator, subsequent to the execution of his will, entered into a contract to sell certain real property specifically devised, such property passes, upon the death of testator, to the devisee thereof subject to the remedies on such contract for specific performance or otherwise against such devisee which might be had against the heirs of the testator, or his next of kin, if it had descended to them. (Sec. 10504-48 GC.)

HEADNOTE BY EDITORIAL STAFF

Wiles & Doucher, Columbus, for Plaintiff.
Harry Kohn, Columbus, for Defendant.

HISTORY:—Action in probate court for declaratory judgment to construe the rights of the parties under a will. Judgment for plaintiff. Motion to certify overruled December 18, 1946. Supreme Court Case No. 30857. For further history watch **Omnibus Index.**

OPINION

By McCLELLAND, J.

This matter comes before the Court upon the Petition filed herein, the Answer of Fred B. Needles, individually and as Executor of the will of Ada R. Needles, and the Stipulation of Facts agreed to by the parties herein. The Court finds the following to be the facts.

Ada R. Needles, the wife of Fred B. Needles, executed a last will and testament on the 11th day of March 1944. On the 29th day of March 1944, she executed a codicil, the sole and only provision of which was a penalty by which any devisee or legatee should forfeit their benefits under the will in case any of them brought a will contest.

On the first day of February 1945, Ada R. Needles executed a Power of Attorney, by the terms of which she authorized her husband Fred B. Needles, among other things, to "bargain, sell and convey in fee simple or by land contract for such price and upon such terms of credit, and to such person or persons 'as my said attorney shall think fit, the whole or any part of any lands or tenements owned by me in Franklin County in the State of Ohio, or any interest therein; to receive payment of the purchase money of any and all lands so sold and of any and all promissory notes or other obligations received in payment therefor * * * ." This Power of Attorney was witnessed by two persons and acknowledged before a Notary Public, and was filed for record February 7, 1945, in the office of the Recorder of Franklin County, Ohio.

On the first day of February 1945, Fred B. Needles, acting as agent for Ada R. Needles, entered into a contract with Frank E. Tilton, one of the defendants herein, by the terms of which Fred B. Needles, agent for Ada R. Needles, for the consideration of $5000.00, to be paid by said Tilton, agreed to sell to the said Tilton, his heirs and assigns, the property known as 2652 Summit Street, Columbus, Ohio, and received the sum of $200.00 in cash, the remainder of the purchase price was payable at the rate of $60.00 per month, beginning on March 1, 1945, and to continue until the entire unpaid purchase price was paid at the rate of six percent interest. By the terms of said agreement, the said Tilton agreed to pay the sum of $5000.00 on the terms above stated. In addition thereto, Tilton agreed to pay the taxes and assessments. Fred R. Needles, as agent, agreed when the full purchase price was paid to furnish to Tilton an abstract of title for the premises, and to execute and deliver to said Tilton a warranty deed for the premises.

Upon an examination of this agreement, the Court finds that it is not a contract of sale, but it is a contract to sell, upon the performance of certain acts to be performed by the said Tilton in the future. If the foregoing named contract is a contract for the sale of real estate, it is not a valid contract for the reason that it is done by an agent and not by an attorney in fact. Under the law of Ohio, an agent has no authority to execute any sort of an agreement by which an interest in land is alienated.

Assuming, however, that the contract is a valid contract, does the execution of same constitute an ademption of the devise to Fred B. Needles as provided in the will? Item ten of the will contains the following language:

"I give and devise to my husband, Fred Burton Needles, all of the real estate which I may own, or have the right to dispose of at the time of my decease, wheresoever situated, to be his for and during the period of his life. At his death, or in case he should not survive me, I give and devise all of my real estate as follows:"

Then follows the disposition of the remainder.

Sec. 10504-48 G C contains the following language:

"A bond, agreement or covenant, for a valuable consideration made by a testator, to convey property previously devised or bequeathed in a will, shall not revoke such devise or bequest, either at law or in equity. The property shall pass by such devise or bequest; subject to the remedies on such bond, agreement or covenant, for a specific performance or otherwise, against the devisees or legatees, which might be had by law against the heirs of the testator, or his next of kin, if it had descended to them."

Sec. 10504-50 G C contains the following language:

"A charge or incumbrance upon real or personal estate for the purpose of securing the payment of money, or the performance of a covenant, shall not revoke a will relating to the same estate, previously executed; but the devises and legacies therein contained shall pass and take effect, subject to such charge or incumbrance."

Sec. 10504-51 G C contains the following language:

"A conveyance, settlement, deed, or other act of the testator, by which his estate or interest in property previously devised or bequeathed by him, is altered, but not wholly divested, shall not be deemed a revocation of the devise or bequest of such property, but such devise or bequest shall pass to the devisee or legatee, the actual estate or interest of the testator, which would otherwise descend to his heirs, or pass to his next of kin; unless, in the instrument by which such alteration is made, the intention is declared, that it shall operate as a revocation of such previous devise or bequest."

Sec. 10504-52 G C contains the following language:

"But if the provisions of the instrument by which such alteration is made, are wholly inconsistent with the terms and nature of the previous devise or bequest, such instrument will operate as a revocation thereof, unless the provisions depend on a condition or contingency, and such condition be not performed, or contingency does not happen."

·The latest pronouncement of the Supreme Court of Ohio in construing·the language of the.above referred to statutes, is contained in the case of **Lewis v Thompson, 142 Oh St 338,** the syllabi of which is as follows:

"1. If a testator, subsequent to the execution of his will, altered his estate or interest in the property specifically devised, either by a conveyance of a portion of his title to the devised property or by a conveyance of his entire title and interest in a portion of such property, the actual estate or interest of the testator which would otherwise pass under the law of descent and distribution passes to the devisee unless, in the instrument by which such alteration was made, the intention is declared that it shall operate as a revocation of such devise.

"2. But where a testator, subsequent to·making his will, executed a conveyance whereby his entire estate and interest in property specifically devised was wholly divested, such conveyance constitutes a complete revocation of the devise, although the property sold was not fully paid for and a mortgage had been executed to secure the balance of the purchase price."

Judge Matthias who rendered a decision in that case, refers to the case of **Brush v Brush,** reported in **11 Ohio, 287,** and quotes therefrom as follows:

"Thus, when there is a will devising the whole estate, and a subsequent conveyance or deed which does not divest the whole estate, it does not revoke the will, but the devise operates pro tanto upon that portion not divested.

"The rule is this: If the will conveys the whole estate, and the subsequent disposition, by deed or otherwise, does not transfer the whole estate, but leaves a portion which would descend as at law, the devise attaches to such descendable portion, and carries it to the devisee."

"It seems entirely clear from ·the plain language of the statute that a conveyance which wholly divests the testator's

title to property is to be deemed a revocation of the devise or bequest of such property, but if the estate or interest of the testator is merely altered, either by a conveyance of a portion of his title to the property previously devised or by a conveyance of his entire title to a portion of that property, the remaining portion of the estate or interest of the testator devised which would otherwise pass under the law of descent and distribution 'shall pass to the devisee or legatee' under the terms of the will."

As we have heretofore noted, the contract referred to is only a contract to convey the estate in the future. It only conveys to Tilton the right to have the estate conveyed to him upon his performance of certain obligations to be performed in the future. The title or estate still remained in the original owner. If any estate at all was conveyed to Tilton, it was only the right to have the estate conveyed upon his performance of certain acts in the future.

It is to be noted that the above mentioned cases are construing situations which arise under §§10504-50-51-52 G C. The case of **Lewis v Thompson, 142 Oh St, page 338,** involves a situation in which the testator, subsequent to making a devise, executed a deed by which the property devised was completely alienated. This decision did not construe §10504-48 GC. It is therefore not in point with the case at bar.

The defendant also relies upon the case of Sharp, Executor, v McPherson, et al, reported in 10 Ohio Circuit Court Reports, at page 181. In this case the administrator, after devising his farm, then sold it and transferred his interests by a deed. That case is therefore not in point with the one at bar.

The Court's attention is also called to the case of Brush v Brush. In this case the administrator had conveyed his property devised, or at least a portion of it by a deed in trust. It therefore is not a parallel case to the one at bar.

Unfortunately, we have been able to find only one case in Ohio which construes 10504-48 GC, and that is the case of Rugg v Larrimore, reported in 27 N. P. new series, page 96. We have incorporated §§10504-48-50-51 and 52 GC in this opinion for the reason that those statutes were all enacted at the same time, are in pari materia and should be so construed. The cases cited by counsel for the defendant are cases arising where the testator had divested himself of title and therefore come under the operation of one of the last three statutes, above mentioned.

In the Rugg case the testator devised to her husband all of her real estate during the natural life of her husband, and

then disposed of the remainder to various persons therein named. Subsequent to the execution of the will, the testator entered into an agreement to sell the property upon the performance of certain conditions to be performed by the vendee. This case is therefore one exactly parallel to the case at bar, and, in the opinion of this Court, is governed by the provisions of §10504-48 GC.

Mr. Deibel, Author of Deibel's Probate Practice, at Section 632 of that work, comments as follows:

"This section prevents the application of the doctrine of equitable conversion to devises of real estate which is under covenant of some character at the devisor's death."

In our search for other decisions construing the rights of various parties under similar circumstances, we find the case of **Bernd, Administrator, v Luscher**, reported in **40 Oh Ap 172,** which involves the application of the doctrine of equitable conversion. It is to be noted that this case arose in the estate of an intestate. No will was involved. The fourth and fifth syllabi of that case is as follows:

"4. Vendor's right under contract of purchase on vendor's death passes to his administrator as personal property.

"5. Interest of vendee under contract of purchase is equitable title to realty."

We have also examined the discussions of the subject of equitable conversion contained in the 19 American Juris, beginning with Section 11, in which it is held:

"Thus, an executory contract for the sale of land works a conversion, since equity regards 'things agreed to be done as actually performed' and treats the vendor as holding the land in trust for the purchaser and the purchaser as a trustee of the purchase price for the vendor."

Upon an examination of the 65 A. L. R. Page 632, where there is discussed the effect of change of absolute ownership in land into some other form, we find that the rule hereinbefore stated is generally adopted throughout the United States.

Were it not for the existence of §10504-48 GC, this Court

would be compelled under the foregoing cited authorities to hold that the devise was adeemed by the subsequent contract to sell the property. But we are confronted with the plain provisions of the statute. The contract which was executed was an agreement to convey property previously devised or bequeathed under a will. The statute says that such devise, either at law or in equity, shall not be revoked by such a contract.

As Mr. Deibel indicated, this statute provides for an exception to the general rule on equitable conversion and is one which the Court cannot ignore.

It is therefore our opinion that the case at bar comes squarely within the operation of §10504-48 GC and we are compelled to come to the conclusion that the testatrix retained title to the property, and had merely made an agreement to sell the property in the future. She did not divest herself of the title, nor was the title so altered as to cause an ademption of the devise.

We therefore hold that the property passes under Item 10 of the will of the testatrix, by the terms of which Fred B. Needles takes a life estate in the property, subject to the terms of the contract, and does not take under Item 12, which is the residuary clause of the will.