HENDRY, Judge.
The appellee was the plaintiff in the original action, and prevailed in its law suit against the partnership of Roher and Peterson. Thus, the appellee became a judgment creditor and found it necessary to bring a garnishment action against the First National Bank of Leesburg, garnishee, to collect the judgment from the judgment debtor, appellee. The subject matter against which the garnishor proceeded was a bank account maintained by defendant Noah Peterson and Mayre Lou Peterson, his wife. The trial court entered summary judgment in favor of the appellee, holding that Peterson was liable to the appellee for the judgment debt, and further, that the bank account could be subjected to garnishment.
The issue on this appeal is whether the trial court was correct in holding that the bank account was subject to payment of the individual debts of Noah Peterson under the garnishment proceedings. We must agree with the trial court. The appellant argues that the bank account was held as an estate by the entireties, acquiring this characteristic by virtue of being held by both husband and wife. If the bank account is construed as an estate by the en-tireties the law is clear that it would not be subject to garnishment for the debt of the husband alone. Winters v. Parks, Fla.1956, 91 So.2d 649.
The bank account in question, being held by both husband and wife, entitles either party to exercise his or her power to completely withdraw the contents of the account without the consent of the other party. These rights are set forth in the application cards executed by the Petersons in connection with their opening the joint checking account at the First National Bank of Leesburg, garnishee.
In the case of Glasser v. Columbia Federal Savings & Loan Association, Fla.1967, 197 So.2d 6, at page 7, the court stated in a footnote that
“It seems clear that the right of a spouse to make a transfer of funds from a checking account held as an estate by entirety upon one signature is based upon express delegation of such agency in the creation of the account. Hagerty v. Hagerty, Fla. 1951, 52 So.2d 432. This case in fact involved only survivorship and not alienability. Cf. Rader v. First Nat’l Bank in Palm Beach, Fla.1949, 42 So.2d 1. Whether the existence of an individual power of alienation is inherently incompatible with this estate, which by definition is individually inalienable, is not treated at length in the opinions. The argument is quite strong for the conclusion that, at least as to property transferable by delivery of possession alone, the estate cannot exist because of incompatibility with the entireties’ doctrine. Holman v. Mays, 1936, 154 Or. 241, 59 P.2d 392, 395.”
It appears to us that the above authority supports the holding of the trial court that the legal effect of the Petersons’ maintenance of this joint checking account was not such as to create an estate by the en-tireties. Since either of the joint depos *206 itors have the power to alienate the account by closing it out, and can achieve this alienation individually and without consent of the other, we cannot construe this particular type of personalty as an estate by the entireties.
Therefore, based upon the principle stated in Glasser, supra, we hereby affirm the order being appealed.
The appellant has also filed a motion for attorney fees in connection with this appeal. Section 77.18 Fla.Stat., F.S.A., contains no provision relating to attorney’s fees to be awarded to a garnishee who appeals a trial court’s judgment allowing garnishment of a defendant’s property. Therefore, the motion is denied.
Affirmed.