NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
Submitted June 10, 2022
Decided July 14, 2022

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2725

| | |
|---|---|
| KEITH SMITH, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 18-cv-4918 |
| CITY OF CHICAGO, et al., | |
| *Defendants-Appellees.* | Virginia M. Kendall, |
| | *Judge.* |

**O R D E R**

This case returns to this court on remand from the Supreme Court of the United States. Keith Smith sued the City of Chicago and two of its police officers under 42 U.S.C. § 1983 for violating the Fourth Amendment. In 2013, Chicago Police Officers stopped a car in which Smith, a felon, was a passenger. A search of the car revealed a firearm—evidence used at a probable-cause hearing to secure Smith's detention for felon-in-possession charges. He spent seven months in jail until being released on bond in 2014. After a bench trial in 2016, a judge acquitted Smith on all charges.

Smith filed a civil complaint in 2018 challenging the search of the car, claiming the officers fabricated their reports. The district court dismissed Smith's lawsuit as untimely under the applicable two-year statute of limitations. Smith appealed, and we focused our analysis on when Smith's claim accrued. *Smith v. City of Chicago*, 3 F.4th 332, 333 (7th Cir. 2021). Ultimately, we measured timeliness from Smith's release on bond, *id.* at 339, so we affirmed the district court's dismissal of Smith's claim. *Id.* at 342.

In May of this year, the Court granted Smith's petition for a writ of certiorari and vacated this case's judgment in light of *Thompson v. Clark*, 142 S. Ct. 1132 (2022). The parties submitted Circuit Rule 54 statements addressing *Thompson*'s effect.

We have considered those statements and the *Thompson* decision, and we agree with the parties that *Thompson* dictates a result opposite to our 2021 opinion. After *Thompson*, a Fourth Amendment claim for malicious prosecution accrues when the underlying criminal prosecution is terminated without a conviction. *Thompson*, 142 S. Ct. at 1335. Here, that was Smith's acquittal date, so his claim was timely.

In its Circuit Rule 54 statement, though, the City seeks summary affirmance on alternative grounds. Noting that lack of probable cause is also an element of a Fourth Amendment malicious prosecution claim, *Thompson*, 142 S. Ct. at 1337–38, the City argues Smith admitted in his petition for a writ of certiorari that on the day he was arrested, a firearm was found in the vehicle in which he was a passenger. This admission, the City asserts, shows that officers had probable cause to arrest Smith and thus extinguishes his Fourth Amendment claim.

The City's assertion is odd, and ultimately beside the point. Smith's claim does not turn on whether officers discovered a firearm. Rather, Smith's theory is that law enforcement fabricated a story to justify an unlawful search, and had that search never occurred, law enforcement would have lacked probable cause to arrest and detain him. In other words, Smith contends his seven-month detention (after a probable-cause hearing) was unreasonable because it was based on illegally seized evidence knowingly tendered by the defendant police officers. In other words, legal process has been commenced against the defendant in a way that amounts to an unreasonable seizure under the Fourth Amendment. So, we reject the City's argument that Smith has not presented a Fourth Amendment claim.

Therefore, we REVERSE the district court's judgment and REMAND this case to the district court for further proceedings. Smith's corresponding conspiracy and *Monell* claims may also be considered on remand.[1]

---

[1] We deny without prejudice Smith's motion to strike an appendix the City submitted with its Circuit Rule 54 statement, as it did not impact our decision. On remand the record may be developed under the district court's supervision.